STATE OF NORTH CAROLINA
v.
MICHAEL RAY PIGFORD.
No. COA08-109
Court of Appeals of North Carolina
Filed August 19, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Lisa Granberry Corbett, for the State.
Lisa Skinner Lefler, for defendant-appellant.
WYNN, Judge.
Defendant Michael Ray Pigford challenges the sentence imposed for his conviction for felony possession of a firearm by a convicted felon, which led to the revocation of his probation and activation of an earlier sentence for a felony child abuse conviction, from which he likewise appeals. After a careful review of the record, we find no error in the revocation of Defendant's probation or the sentence imposed for felony possession of a firearm but remand for resentencing on the original conviction for felony child abuse.
On 12 September 2006, Defendant was found guilty of possession of a firearm by a felon in case number 06 CRS 50869. Following entry of the judgment, the trial court sentenced Defendant to aminimum term of 15 months and a maximum term of 18 months in prison for that charge. Because of this conviction, Defendant was also found guilty in case number 05 CRS 816 of a violation of the conditions of his probation for a 2004 felony child abuse conviction. After finding that Defendant had waived hearing and admitted the allegation of the violation report, the trial court revoked probation and activated Defendant's sentence to a minimum of thirty months and a maximum of forty-five months. The court ordered the sentences for the possession of a firearm and for felony child abuse to run consecutively.
On 4 June 2007, Defendant filed a petition for writ of certiorari seeking a belated appeal of the judgments, which this Court granted as to both judgments on 14 June 2007. On appeal, Defendant argues that the trial court erred by (I) entering sentences on the felony child abuse conviction and the probation violation in excess of the statutory guidelines; (II) entering a judgment based on an incompetent prior record level worksheet; and (III) revoking Defendant's probation without conducting a revocation hearing, as required by law.

I.
First, Defendant argues that the trial court erred by entering sentences on the convictions for felony child abuse and felony possession of a firearm by a convicted felon in excess of the statutory guidelines. We agree in part and disagree in part.
At the outset, we note that Defendant's assignments of error challenge only the revocation of his probation and activation of his earlier sentence on case number 05 CRS 816, the felony child abuse conviction. Because our "scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal," N.C.R. App. P. 10(a), Defendant's argument as to the sentence imposed in case number 06 CRS 50869, the conviction for felony possession of a firearm by a convicted felon, is not properly before us. See also State v. Jones, 358 N.C. 330, 341, 595 S.E.2d 124, 132 (declining to consider a defendant's argument that was not the basis of an assignment of error), cert. denied, 543 U.S. 1023, 160 L. Ed. 2d 500 (2004). Nevertheless, we observe that the trial court properly sentenced Defendant in accordance with the sentencing ranges established by N.C. Gen. Stat. § 15A-1340.17 (2005) for the felony possession conviction . The sentence of a minimum of fifteen months and a maximum of eighteen months in prison accurately conforms to the presumptive range for a Class G felony committed by a defendant with a prior record level of III.
However, as conceded by the State, the original sentence imposed on Defendant of a minimum of thirty months and a maximum of forty-five months in prison for the felony child abuse conviction was in excess of the statutory guidelines of N.C. Gen. Stat. § 15A-1340.17. For a Class E felony such as felony child abuse, see N.C. Gen. Stat. § 14-318.4(a), and a prior record level of II, which Defendant had at the time he was convicted of that charge, the presumptive minimum sentence is twenty-three to twenty-nine months. Thus, the minimum sentence of thirty months imposed by the trial court falls outside of this range and constitutes error. We therefore remand case number 05 CRS 816 to the trial court for resentencing of Defendant within the statutory guidelines.

II.
Defendant next argues that the trial court erred by entering judgment and sentencing him as a prior record level III offender despite the State's failure to prove such a record. We disagree.
Here, the record shows that Defendant's attorney signed a stipulation to his prior record level, and that Defendant had an opportunity to review the prior record level worksheet and failed to object to its contents. Accordingly, Defendant's challenge on appeal to the prior record level worksheet is without merit. Nevertheless, we also observe that Defendant has failed to assign error to the competency of the evidence to support the trial court's determination of Defendant's prior record points or prior record level. Thus, Defendant has failed to preserve this argument for our review. See N.C.R. App. P. 10(a) . This argument is dismissed.

III.
Finally, Defendant asserts that the trial court erred by revoking his probation without conducting a revocation hearing, as required by law . We disagree.
Although North Carolina law generally requires a trial court to conduct a revocation hearing before revoking a defendant's probation, the requirement may be waived by the defendant. N.C. Gen. Stat. § 15A-1345(e) (2005). Here, the findings made by the trial court in the judgment revoking Defendant's probation include that "[u]pon due notice or waiver of notice . . . defendant waived a violation hearing and admitted that he violated" the condition of probation. Moreover, the settled record on appeal, as stipulated to by both Defendant and the State, includes the statement that "[u]pon his admission to violation of his probation due to the possession of a firearm by a convicted felon conviction of the previous day, the trial court sentenced him to a minimum of thirty months and a maximum of forty-five months in the Department of Corrections [sic]." Accordingly, we find that the record shows that Defendant waived his right to a revocation hearing, and the trial court committed no error by not conducting such a hearing.
No error in part; remanded for resentencing in part.
Judges ELMORE and GEER concur.
Report per Rule 30(e).